dash 3040 from the District of Nebraska. Rod Marshall, et al. v. Anderson Excavating & Wrecking Company. Mr. Becker. Thank you, Honor. May it please the Court. Ted Becker on behalf of Anderson Excavating. This matter is before the Court on the second occasion. At this juncture the claimant, the trustees have received an award of about 6.5% of the original amounts they demanded from my client back in January 2014 taken into consideration was ultimately awarded in unpaid contributions, prejudgment interest, and liquidated damages. On this appeal we continue to challenge the award of prejudgment interest, liquidated damages, and the amount of the attorney fees. Turning first to the concept of prejudgment interest, as we noted in our brief, there is no explanation by the District Court how it arrived at the figure of 4,657.75 in prejudgment interest in the order set forth in appendix page number 349. As we noted in our brief, that's inconsistent with the request made by the trustees themselves. In their motion for award of attorney fees, interest, and liquidated damages following remand by this Court, and this is found at appendix page 9, it's noted the plaintiffs request the Court enter an order assessing interest in the amount of $556.43 plus an additional amount, an additional and equal amount of $556.43 for liquidated damages. In the affidavit attached in support of the motion of Larry Murray at paragraph 7 at under appendix page number 163, the evidence by the trustees is, quote, the total interest in liquidated damages owed on the delinquency as of February 28, 2019 is $1,112.85. If you look through the attachment, the literal calculations attached to Mr. Murray's affidavit, and this is found at appendix page number 166, the calculation offered by the union is that the interest is $556.43 and the alleged liquidated damages are $556.43. In the affidavit of counsel for the plaintiffs, found at appendix page number 171, the plaintiff's counsel recites a paragraph 14 of his affidavit. They're seeking an amount equal to the pre-judgment interest for liquidated damages in the full amount of $1,112.86. And in their mandatory brief, filed in support of their motion, found at appendix page number 296, it says the funds have resubmitted a recalculation of liquidated damages and interest, and then they say liquidated damages and interest due and owing to February 28, 2019 is $1,112.86, and then a parenthetical, $556.43 in interest, $556.43 in liquidated damages. We submit that under the principle that a party is the master of their own claim, they have set forth their request and the interest and liquidated damages. The court exceeded that. The court, rather than the roughly $1,100 requested by the trustees, the district court awarded in order the total sum of $9,315.50. We submit that that is a clear error and so far it's inconsistent with the request for relief and the evidence adduced by the trustees themselves. As noted in our brief, we believe that there's another error that was never addressed by the district court, namely that the interest rate apparently sought, but it's unclear because the evidence by the trustees is a usurious interest rate under Nebraska law at 18% per annum. Under the case law, including the operating engineer's local 139 case out of the 17,000 circuit, which is cited by the appellee itself, that case recognizes that if the parties agree that the maximum rate is governed by, quote, the law of the state, which in this case it was, under the document they rely upon, then the law of the state can affect the interest rate recoverable. In this case, we have the document say that the interest rate is governed by the maximum amount allowable under Nebraska law, a 1.5% annum, or excuse me, 1.5% per month equates to 18% per annum, which is improper. Mr. Becker, this is Judge Smith. Just to see if I'm following you, would you restate the specific number you believe would be the appropriate pre-judgment interest amount? Your Honor, we don't think that that's ever adduced or set forth by competent evidence by the plaintiff. I submit that the pre-judgment interest under the penalty under Nebraska law is that you get zero, and the engineering operator's case suggests that you can agree to apply state law, and if you apply state law, it's zero. But as we set forth in our brief, the alternative calculation is then to resort, potentially, if you don't apply the penalty under Nebraska law, is then to look to the federal statute, which ties it to the T-bill. They didn't put any express evidence on that, but generally speaking, that T-bill rate was at about 4% or less. So what remedy do you seek here for pre-judgment interest award? Your Honor, I think at best, they are capped at what they requested in their motion and their supporting evidence, which is that $1,100 figure. Frankly, it wouldn't have been worth the time to appeal if the court had simply limited its award to what was requested and what was set forth in the affidavit evidence set forth by the trustees of that $1,100 figure. If the court does not cap it at what was requested and what the evidence is, then I submit that perhaps a remand is appropriate to determine what that is, but frankly, I think it should be limited to what was requested in the motion, supporting affidavit, and that's the error of the district court in departing from that. And part of the problem is the district court just comes up with a number. It doesn't recite a calculation. It doesn't explain how it got there. It just recites the number, which is inconsistent with the request for relief. The other main principle attack and criticism we have of the district court's award is that it recalculated the attorney fees and gave no order which effectively directed a reconsideration of the amount of the award of attorney fees in light of the recovery. After this court decision, the amount recovered by the trustees was cut by about 60%, and yet the district court increased the award of attorney fees on remand. The problem with that is there was no cross appeal by the trustees as to the original $38,000 award. We submit that under the law of the case and the mandate rule that you're capped at that $38,000, and then you look for the downward deviation. In this case, the court said that a 50% downward deviation was appropriate given the results obtained, which again are a fraction of what was originally requested in this case at the outset of the demands. As a consequence, we submit that at best it should be 50% of that $38,000 figure originally awarded, because there was simply no cross appeal. I would note there's no response in the appellee's brief as to our arguments about the failure to cross appeal or the fact that they're relying on wholly new evidence which is outside the scope of the mandate allowed by this court. With that, I'd like to reserve the remaining time for rebuttal. Thank you, Mr. Baker. Mr. Miller? Yes, may it please the court, Jeff Miller from Omaha appearing on behalf of the appellees. With regard to the interest award, the district court calculated an interest award of $4,657. The district court did not set forth in its order its mathematical calculations for reaching that amount, and it reached that amount by taking the unpaid contributions that it awarded of $4,285 and then timesing that by the 1.5% interest, which was the plan's delinquency interest rate, and then it multiplied that by 72 months, with that 72 months being essentially from early 2013 when the unpaid contributions or when the contributions were not paid, through early 2019 when the issue of interest was resubmitted again on remand to the district court. So, that's how the award of $4,600 was calculated by the district court. The plans did submit the affidavit of Larry Murray on remand in support of a recalculation of interest, and that affidavit did set forth an interest rate of $556 for that same 72-month period, but obviously that was incorrect, and it was a miscalculation, and it had decimals way out of place. So, the district court properly disregarded that. It was clearly wrong, and the district court properly did its own calculation of interest, based on the 1.5% that the plan has for a delinquency interest rate, and that 1.5% has been upheld or used in numerous federal ERISA cases for appeal courts and district courts across the country, and in fact, a 2% per month interest rate has even been upheld. With regard to attorney fees, the remand in this case was to recalculate interest liquidated damages and attorney fees based on the exclusion of the one employee's unpaid contributions. There were additional filings, affidavits, and arguments on those. With regard to attorney fees, the district court recognized that its prior ruling on attorney fees improperly concluded that there were double billings. There was a new affidavit on remand that supported and explained how the billing procedure for the two plans works from this office, and that there were not double billings. Based on that, the court redid a Lodestar analysis. It determined that the rates were reasonable. It determined that the amount of time was reasonable, and then it applied a reduction of 50% to that, based on the modest amount of contributions that were ultimately recovered. The defendant wants to argue that that should be reduced even greater, because the plans were not, in his opinion, or in the defendant's opinion, were greatly unsuccessful in this case, but that's completely wrong. The plans were greatly successful in this litigation. The main issue in this litigation was always whether there were existing, valid, and continuing collective bargaining agreements. The plans prevailed on that issue, and that is a significant non-monetary issue in this case. The plans also established that contributions were owed, that contributions were unpaid, and that the plans were entitled under ERISA to interest liquidated damages and attorney fees. Whether we were entitled to interest attorney fees and liquidated, I mean, that was contested, not just the amount, but whether we were even entitled to that. The defense also ordered to submit to an audit for 2013-2016, and the defendant raised some 11 other affirmative defenses, besides the fact that there wasn't an existing collective bargaining agreement, all of which were intended to provide that the defendant would come, was owing zero, and the defendant prevailed on none of those. So, the plans were greatly successful in this litigation, and it needs to be remembered that the plans are multi-employer ERISA employee benefit plans, and the plans have significant fiduciary duties to pursue all unpaid contributions, whether they're $5,000 or $50,000. Those unpaid contributions are the employees' monies, and the monies are those of their families, and it doesn't matter how great or how small it is, the plans have to pursue them, and we were significantly successful in this litigation in doing that. With regard to the law of the case argument, it's not consistent with the remand. The remand was necessary to consider interest liquidated damages in attorney fees, and the district court did that for attorney fees by doing another lodestar analysis. The appellees also submit that this case falls under the Maxwell case, which is an Eighth Circuit case. In that case, it was proper to reconsider a matter if there's substantially different evidence or a prior decision was clearly erroneous, and here, the prior decision that there was double billings was clearly erroneous, and on remand with the affidavit of counsel explaining that there were no double billings, there was substantially different evidence, which supports the new analysis under the lodestar case, and then finally, with regard to the law of the case, if the law of the case means that the first amount of attorney fees award is set in stone, well, then it's set in stone for both parties, not just the plans, but also for the defendant. With regard to interest and whether state law controls on usury or prejudgment interest procedures, ERISA specifically provides that interest shall be awarded, and the ERISA case law provides that the interest is to be calculated based on the plans, interest policies, and rates and procedures and not on state law, and like I said before, monthly interest on delinquent contributions of 1.5 percent have been upheld and imposed in ERISA cases and even up to 2 percent. Do you have a case, however, that stands for the the court may on its own calculate that interest at some higher rate and that you are not bound by your prayer? We do not have case law on that effect, your honor, but I mean, we made those calculations. We submitted that affidavit to Murray. It was clearly wrong. The decimals are out of place. $566 interest for a 72-year period is clearly wrong. The district court properly disregarded it and did the calculations, like I said, and came up with that amount, and that's proper for the district court to do if a party submits something that's clearly erroneous or clearly not the law to disregard it and to properly apply the law as ERISA dictates. With regard to liquidated damages, ERISA says you either give a same award for interest or you calculate liquidated damages based on up to 20 percent of the unpaid contributions, whichever the two is greater. In this case, the district court applied the same amount of liquidated damages interest. There was no abuse of discretion in the attorney fees award. The calculations of interest and liquidated damages are proper under the ERISA, under the statute, under the ERISA case law, and the appellants respectfully submit that the court should affirm those rulings and awards. I'm happy to answer any questions that the judges may have. All right. If not, thank you very much. I don't see any questions from my colleagues. Thank you, Mr. Miller. Mr. Becker, your rebuttal. Thank you, your honor. There's been an acknowledgement the evidence was clearly in error, but again, it's the evidence and the motion that dictate the scope of relief, and I don't think it's so clear that it was erroneous based upon the evidence. If you take a three or four percent interest rate, which you could do if you tie it to the T-bills, applying that to the unpaid contributions works out to about between 150 and 170 dollars a year, which would then tie right into their 500 figure. They don't get a second bite at the apple to get to redo their evidence, especially because if you use the T-bill rate, their evidence would have coincided with the applicable rate. As it relates to the attorney fees, there was no invitation by this court for new evidence to be submitted on the attorney fees. Rather, this court said in its appeal that the reduction in the award of the unpaid contributions by 60 percent necessarily impacted the pre-judgment interest liquidated damages and attorney fees. It did not invite reconsideration. There was no response in our case to the case law of Paul versus Archer Daniels, or the Bethea versus Levi Strauss case, which both say if you choose not to appeal, you don't get a second bite at the apple. You don't get a better result on remand if you choose not to appeal. They confess that their original evidence was insufficient because they said they had to use new evidence to make it clear. But on the other hand, they say, oh, but the district court's original ruling was clearly in error. If it was clearly in error, they should have cross-appealed. They don't get the benefit of failing to cross-appeal and then get a better result on remand when their recovery was reduced by 60 percent. The bottom line is they should have been capped at the 38,000. They chose not to cross-appeal. Then when you apply the district court recognized reduction of 50 percent to take into account the inadequate recovery from what was sought, the poor results, it drastically reduces that fee. But in any case, each of these awards, the attorney fees, the pre-judged interest and liquidated damages are in error and the court should once again find the district court error. All right. Thank you, Mr. Becker. Court, thanks both counsel for the argument you've provided to us this morning. The briefing that's been submitted and we will take the case under advisement. Counsel may be excused.